**SOUTHERN PAC. CO. v. HAIR et al.**

Circuit Court of Appeals, Fifth Circuit. February 13, 1928.

No. 4943.

1. Seamen ⟐18—Seamen held entitled to discharge and wages for violation of statute requiring division into watches (Seamen's Act 1915, § 2 [46 USCA § 673]; 46 USCA § 222).

In view of the purpose of Seamen's Act March 4, 1915, to promote the welfare of American seamen, an able seaman, employed as such, cannot without his consent be deprived of the benefit of the provision of section 2 (46 USCA § 673; Comp. St. § 8363b), requiring sailors, while at sea, to be divided into at least two watches, which shall be kept on duty successively, and fact that the number of seamen which vessel was required to carry by its certificate of inspection, under 46 USCA § 222 (Comp. St. § 8225), were divided into watches as required by statute, did not deprive seamen in excess of that number of benefit of that provision, and such seamen were entitled to discharge and wages for violation of the statute.

2. Seamen ⟐18—Seamen quitting vessel because of violation of statute requiring division into watches held entitled to double pay on refusal of demand for earned wages (46 USCA § 222; Seamen's Act 1915, §§ 2, 3 [46 USCA §§ 596, 673]).

That vessel owner in good faith desired to have judicially determined its contention that seamen in excess of number required by certificates of inspection obtained under 46 USCA § 222 (Comp. St. § 8225), were not entitled to benefit of Seamen's Act March 4, 1915, § 2 (46 USCA § 673; Comp. St. § 8363b), requiring division of sailors into watches to be kept on duty successively, did not constitute sufficient cause for failure to pay seamen, who demanded discharge and earned wages for violation of such statute, and such seamen were therefore entitled to double pay, under section 3 (46 USCA § 596; Comp. St. § 8320), for such refusal.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Judge.

Suit by Fred Hair and another against Southern Pacific Company, owner and claimant of the steamship El Estero. Decree for libelants (14 F.[2d] 349), and libelee appeals. Affirmed.

W. E. Cranford, of Galveston, Tex. (Armstrong & Cranford, of Galveston, Tex., on the brief), for appellant.

W. E. Price, of Galveston, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The two appellees, who had signed shipping articles as able seamen for service on the American steamship El Estero for a voyage from New York to Galveston and return, quit the service of the ship at Galveston, and after refusal of their demand of their earned wages sought to recover their earned wages and the statutory double pay (38 Stat. 1164, § 3 [46 USCA § 596; Comp. St. § 8320]), on the ground of a violation of the provision of section 2 of the Seamen's Act of March 4, 1915, as to dividing sailors into watches (38 Stat. 1164 [46 USCA § 673; Comp. St. § 8363b]). The claim of the appellees was sustained by the decree appealed from.

[1] In behalf of the appellant it was contended that, though ten seamen—six able seamen, three quartermasters, and one ordinary seamen—were signed on, the requirement in question was complied with by dividing into watches six of those sailors other than appellees, as the ship's certificate of inspection (title 46, § 222, U. S. C. [46 USCA § 222; Comp. St. § 8225]) required her to carry, in addition to officers and persons employed in the steward's and other departments not connected with the navigation of the vessel, only four able seamen and two seamen. While it was claimed that three additional sailors, including appellees, were hired solely for the purpose of keeping the ship up, by doing such work as cleaning, painting, etc., there was no evidence tending to prove that appellees consented to be employed for the rendition of such services only or to be excluded from the required watches.

In the case of O'Hara v. Luckenbach S. S. Co., 269 U. S. 364, 46 S. Ct. 157, 70 L. Ed. 313, it was decided that the provision in question requires all sailors to be divided into watches as nearly equal to each other numerically as the whole number of sailors will permit. One of the expressed purposes of the act containing that provision being "to promote the welfare of American seamen in the merchant marine [service] of the United States," it well may be inferred that an able seaman, employed as such, cannot without his consent be deprived of the benefit of that provision. The language used—"the sailors shall, while at sea, be divided into at least two * * * watches, * * * which shall be kept on duty successively for the performance of ordinary work incident to

the sailing and management of the vessel" (section 2)—does not indicate an intention to make the requirement applicable only to such number of the sailors as the vessel is required to ship for the performance of the work mentioned. And there is no requirement that all sailors while on watch be engaged exclusively in that work, and that none of them, when his services are not needed for the proper performance of that work, may not be assigned to such work as cleaning, painting, etc. We conclude that the contention under consideration is not sustainable.

[2] Under the section of the act containing the provision in question, the master's failure to comply with that provision entitled appellees to discharge from the vessel and to receive their wages earned. Under section 3 of that act, the master's failure without sufficient cause to pay such wages had the effect of entitling the appellees to "a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court." In view of the decision in the case of O'Hara v. Luckenbach S. S. Co., supra, we do not think that the fact that appellant in good faith desired to get its above considered contention judicially passed on constituted sufficient cause for the failure to pay appellees their earned wages.

The decree is affirmed.